UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOVANY ALEXANDRE,

    Plaintiff,

    v.                                                                                    Civil Action No. 22-11340-ADB

JANE D. PRINCE, et al.,

    Defendants.

ORDER

BURROUGHS, D.J.

    On August 19, 2022, *pro se* litigant Jovany Alexandre filed a complaint against Massachusetts District Court Associate Justices Jane D. Prince and William G. Farrell. Alexandre alleges that these judges denied him his rights under the Fifth and Fourteenth Amendments of the United States Constitution while presiding over matters in Chelsea District Court to which Alexandre was a party. [ECF No. 1]. Alexandre asserts that Judge Prince wrongfully denied his application to have a certain "Mr. Benoit" hospitalized for mental illness under M.G.L. ch. 123, § 12. He also alleges that, upon the application of Mr. Benoit, Judge Prince and Judge Farrell wrongfully issued a harassment protection order ("HPO") against him.

    Alexandre brings this action under 42 U.S.C. § 1983 ("§ 1983"). He asks that this Court "issue injunctive relief commanding defendants to recuse from any possible case involving the plaintiff that may arise before them," "[o]verrule the HPO and the criminal prosecution that [he is] facing as a result of it," and provide said relief *nunc pro tunc* because he "will soon have a background check for employment [and] this situation is depriving [him] of [his] pursuit of happiness." Compl. at 17-18. He also asks for "costs of litigation." *Id.* at 18.

Upon review of the complaint, the Court concludes the pleading fails to state a claim upon which relief can be granted, and the action is subject to *sua sponte* dismissal because it is crystal clear that amending the complaint would be futile.[1]

Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations. Section 1983 explicitly provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Although Alexandre is unhappy with the rulings of the defendants, there is no explicit or implicit suggestion in his complaint that Judge Price or Judge Farrell violated a declaratory decree or that declaratory relief was unavailable in the HPO proceedings. Further, to the extent that Alexandre seeks monetary damages, his claim is barred because judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Any challenges Alexandre has to the HPO proceeding or criminal prosecution against him cannot be resolved by this Court. Accordingly, the Court orders that this action be DISMISSED without prejudice. The Clerk shall mail a copy of this order to each defendant.

IT IS SO ORDERED.

| | |
|---|---|
| 8/23/2022 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |

---

[1] Because Alexandre has paid the filing fee, his complaint is not subject to an initial screening under 28 U.S.C. § 1915(e)(2). Nonetheless, a court has the inherent power to dismiss a case lacking any legal merit regardless of the status of the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).